141455 Daniel Newman v. Hamburg Township et al. Argument not to exceed 15 minutes per side. Ms. DeLorenzo for the appellant. Good morning your honors. Josephine DeLorenzo for defendant Calhoun. What this case ultimately comes down to under either the federal law or the state law is whether Sergeant Calhoun knowingly provided false information to the prosecutor or otherwise recklessly disregarded the truth. But there has been no such showing here, let alone a substantial one, which is the requirement under federal law. The best the district court and the plaintiff can do is point to an alleged discrepancy in a statement made by Ben Masters as recalled in the police report made by Officer Dabates and in Sergeant Calhoun's affidavit. We don't actually know what he said. So the district court seemed to suggest that we had to take the police report as the absolute truth. He didn't cite any authority for why Sergeant Calhoun isn't permitted to rely on his own independent recollection of the interview. But even if we take the police report as the truth, I don't think that Sergeant Calhoun's recollection is so different that it constitutes a deliberate falsehood. Both versions of the statement agree that Ben Masters saw a car that matches the description of Gary Culpa's vehicle. And it was racing through the intersection at Ogemaw Street and Cordley Lake Road. And that intersection is significant because the murder victim's house is about 75 yards from there. And in the car he saw two men, two 20-something men with light brown hair. And that roughly matches the description of Newman and Culpa. So where the difference comes in is that in the police report, it stated that Masters wasn't sure if it was on the 27th or the 28th and he wasn't sure what time. In Calhoun's affidavit, he said that it happened on the 27th at 5 o'clock. Now in the police report, it is sort of significant that although Masters didn't know the exact date and time, he said, well, I saw the car and then either on that same day or the next day, I heard the gunshots. So that to me, it's consistent to say that he saw the car and then heard the shot later. It doesn't exactly say that, but I think that's at least consistent. And at the very least, it's not a deliberate falsehood. There's no evidence in the record that this is a deliberate falsehood. I think the best that the plaintiff can say is that if we're going to go with the police report as the absolute truth, then I think the best the plaintiff can say is that Calhoun maybe mistakenly or negligently remembered what Masters said. But negligence can't be the basis for a constitutional violation. So I think that should be the end of the story. But if you agree that it's a falsehood or reckless disregard of the truth, you still have to show that it was material to a finding of probable cause. And I don't think we can do that here. I mean, I don't think there can be a serious dispute with the gun was a key piece of evidence that tied together all the rest of the physical evidence and all the other information that the officers had. They found this handgun that was conclusively linked to the murder. They found it in the blue bag, which was the kill bag, essentially. And that gun was known to have been sold to Newman a couple of months before the murder. It was found in the bag with another gun, which was a shotgun. And that couldn't be conclusively determined to have been used in the murder. But it was consistent with the shotgun that was used in the murder. Tell me about the procedure in your state about what you do when an officer arrests somebody, say, for a warrant. Is that person entitled to a probable cause hearing before a judge in Michigan? I think the record, Sergeant Calhoun couldn't remember exactly what the procedure was. But I know that he had to swear to the warrant to get the arrest warrant issued. So he had to go before the magistrate then. That's usually done everywhere, including in the federal system. And then there was a preliminary exam. Is that what you mean? Are you talking about grand jury? No. I'm talking about before the judge. Before, you don't have a grand jury in Michigan, do you? No. You had a preliminary hearing, which he was bound over. Yes. And it does say, I'm sorry, I don't know the page number, but in Sergeant Calhoun's deposition, he does say that he testified at the preliminary exam. So there's a judge that hears the case and the defendant who's been brought in on a warrant is entitled to a hearing on probable cause. Yes. In Michigan? Yes. If there's enough to bind him over, yes. Did they have such a hearing? Yes. Was there? There was. As I mentioned, I don't know the page number, but Sergeant Calhoun does say that he testified at that preliminary examination. And that, I guess, was my point in the beginning, is that under both the federal law and the state law, if there's a judicial determination of probable cause, then the only way my police officer can be liable for malicious prosecution is if he was uttered deliberate falsehood, if he gave false information, and that that false information was material to the finding of probable cause. If you talk just a little slower, I can understand you better. So there's this distinction that we need to make sure that we're observing between the false arrest and the malicious prosecution, right? Because this is only the malicious prosecution? Correct. Okay. I did notice in the Sykes v. Anderson case, they go into great detail that there is a distinction. But all we have to go on in this case, the only point they're making is this one statement. Well, I'll get to it later, but the district court did come up with some other issues. But they're focusing on that, and that was in the affidavit. And, I mean, even if we assume that he testified the same way, both before the judge and at the preliminary examination. I was just going to ask you that. So you have the affidavit for the warrant. Was that evidence put in front of the judge? Well, to get the warrant, and then at the preliminary exam, I guess it's unclear because we don't have a transcript in this record of the preliminary exam. But they didn't raise any other issue of any other false information that he would have given. So, I mean, I hadn't quite thought through this, but so they're definitely alleging a deliberate falsehood in the affidavit to get the warrant. And you would say the record is silent as to what happened in front of the judge. Correct. But silence is another way of saying they have not alleged there was a deliberate falsehood when it comes to the judge. So if they've not alleged it, we have to assume that was okay, that process was okay. Correct. I don't know. I guess I don't know. So why doesn't that end the case? In other words, that the judge then, we must assume, found probable cause on a clean record, which eliminates the materiality of the alleged lie in the affidavit. Well, I would agree with that. But even if, you know, I don't know, a transcript appears or someone makes the argument that this false statement was given in the preliminary exam, I still don't think it was material to a finding of probable cause. No, I keep going. Okay, so that's a different argument, but you might as well make it. Okay. But, yes, no, I mean, there isn't anything. We don't know what was said. As far as I know, it's not in the record, and counsel, correct me if I'm wrong, but it never got that far. We just, all we talked about in the district court here was the affidavit for the arrest. But, yes. That's why they have that protection in the law, so somebody's not brought in for some allegation, and then the judge can determine probable cause. And so a judge did determine probable cause, and it proceeded on to a trial. Correct. And under both the federal standard and the state law, that's the complete defense for the police officer as long as he was turning over truthful information. Am I confused that the court didn't hear testimony about Master's encounter with that black blazer? Well, we don't know. You're talking about the probable cause hearing? Yeah, I'm talking about the preliminary hearing in which he was bound over. I don't think it's in the record. I know that Sergeant Calhoun said that he did testify at the preliminary exam, but I don't know if in his deposition he would have said the same thing about Master's statement at that probable cause hearing. I don't think he got into that detail. I think he just said, yes, I testified at the preliminary exam. So it's not on our record what he would have said about seeing Master's statement. So I guess I would just make the point that, aside from that, that there was probable cause regardless of this. One practical thing. We do know, don't we, that Master's never testified, that Master's did not testify at the preliminary hearing. So all we've got is Calhoun's testimony. I guess I don't know on this record. It doesn't say that if Master's. I thought the record said that he didn't testify. It might have said that. At the trial or at the preliminary hearing. That's probably right. But anyway, I guess if I was going to fabricate probable cause, I might have said that I saw the vehicle in the intersection closer to the time of the murder and not seven hours before. But, again, for the finding of probable cause, I think the key evidence was the murder weapon, the one murder weapon that was conclusively tied to the murder and that was traced to Mr. Newman. That tied together all the rest of the evidence. We had the ski mask with the brown hair and the red animal hair with the reddish-tinged animal fur. We had the denim jacket with the spots of drywall compound on it. And we know that Mr. Newman was a drywaller and that similar substances were found in his house. This gun ties together all that information. I think probably what I'm struggling with is the Sykes case because it talks in terms of the initiation of the prosecution. Was there probable cause at the initiation? And so I'm struggling to figure out where the Master's statement fits because wasn't the prosecution initiated by the filing of a criminal complaint that was dependent upon the affidavit? Affidavit was put in by Calhoun, criminal complaints filed, search warrant and arrest warrant are issued. So that affidavit supports three documents, right? The arrest warrant and the search warrant, correct. And the criminal complaint, which was because there was not a grand jury proceeding here. Correct. So the criminal complaint initiated the prosecution. I'm trying to make the connection here and understand it. Well, I think that Sykes says we've got all that initial things and then it would also include the preliminary exam and I guess even the trial, anything that that police officer did if his statements were relied on. Well, it makes a difference here because by the time the preliminary hearing came around, they had done the investigation and they had the other information. The other information came in at the preliminary hearing, correct? When he signed the affidavit that did the criminal complaint, the basis of the criminal complaint, the search warrant and the arrest warrant, all they had was the gun and the blue nylon bag. But by the time they got to the preliminary hearing, am I correct? They actually had gotten the search warrant, they'd gotten the hairs, they'd gotten the drywall, they had gotten the twine, they'd gotten the hacksaw, all of those things. And that came in to the preliminary hearing, right? They would have had all that at the preliminary examination, yes. Okay, so the question becomes, was the prosecution initiated at the criminal complaint stage based on the affidavit of Calhoun? And was it invalid or insufficient based on the McMaster's allegation in it? Does that boil it down to? I believe so. But again, you still have to consider whether his statement was material to the finding of probable cause, which I don't think it was. And that's the question? Correct. I see I'm done now. Thank you. Mr. Mueller. Wolfgang Mueller on behalf of Daniel Newman. Your Honors, if I may start, I'd like to address your last question to counsel. The Sykes case requires us to have the officer made influence, participated in the initiation of the prosecution, and the court is correct. The affidavit and his testimony, Calhoun's testimony, he stated, my testimony to the judge in getting the warrant signed was consistent with the affidavit. And we have to remember, while the court, the Sixth Circuit, in Newman v. Metrish, determined that there was nothing but reasonable speculation, analyzing all the evidence, which didn't support a conviction. We're talking about March 18th. That's a different standard. The habeas standard is completely separate. It's evidence beyond a reasonable cause. We're at probable cause here. We're at probable cause. What did the officer know on March 18, 1992, when he swore out the warrant? And the court is correct. All we knew is that there was a gun that was tied to the murder that had been previously purchased a few months before by Daniel Newman, and that he had brown hair, and that the witness, Masters, saw two individuals in their 20s who had brown hair. Gary Culpa had brown hair. And that there was evidence that there was animal hair in that gym bag. Mind you, it wasn't dog hair. It was red animal hair, and a witness had said that Daniel Newman had two Doberman pinchers, which were black. So it has to be deliberately false. So there's that negligence issue, and then there's materiality. On the materiality, I just want to make sure I'm understanding what I think is your argument. Are you making the point that when we look at materiality and whether this was a malicious prosecution case, we can only look at the evidence that existed at the time the affidavit was submitted for the warrant? No. You would agree that you would agree that if there was evidence submitted at the preliminary hearing, you would look at that, and then you would also be able to look at the evidence submitted at trial in determining materiality?  You don't? Determining materiality as of March 18 and also then at the probable cause hearing to determine. Because remember, under Sykes... I'm trying to understand why. It's a malicious prosecution case, but why doesn't the problem go away with a deliberate falsehood if at the time of the trial there's just tons of it? I mean, that's not another case. Imagine another case where there's just lots of evidence of probable cause. That wouldn't solve the problem, no? Because it's a continued detention issue, and he was bound over at the probable cause hearing. What we have to show is, one, and the Sykes case sets out the element of influence, the initiation of the prosecution. Was there probable cause at that time? Was there probable cause? Because as we deal with materiality... This argument would suggest that you can bring these kinds of claims even when you're convicted and the conviction's still good and you're still in jail. Because your point is, hey, it's the binding over is the harm, right? That's continued detention, but what I'm suggesting is... I've just never seen that case. In fact, I thought a premise of all of this litigation was the conviction had been overturned. Why else do we say that? That's one of the elements, that you have to have a successful outcome,  But getting back to that first element of initiating the prosecution and a lack of probable cause, we didn't have probable cause there, and in fact... But I need to be clear, too. You agree that we are looking at probable cause at the filling out of the affidavit and at the preliminary hearing, because that's part of the institution of... The institution is the swearing out of the complaint, and the continued detention, I think, as it gets to the probable cause hearing, there wasn't probable cause even at the hearing. Officer Calhoun... There wasn't probable cause even at the preliminary hearing? At the preliminary hearing, he testified consistent with his affidavit. So he testified, and Masters didn't testify. Is that in the record, what evidence went into the preliminary hearing? I don't... He just... In the evidence we have here, Calhoun testified that he testified similar to the affidavit, and so we know what's in the affidavit. But there's no dispute that all the rest of the information came in at the preliminary hearing, right? There's no dispute that that doesn't amount to probable cause. His material... That's the question, though. You can see that we get to look at the preliminary hearing, the Bindover hearing, and so now the question is the statements of Masters along with the blue bag and all of the information that resulted from the search warrant and the testing of the hairs. Testing of the hairs, which was inconclusive. Mind you, as we look at the criminal matter, this court found that there was only reasonable speculation, and the Qualls v. Parrish case says reasonable speculation doesn't amount to probable cause. Yeah, but I mean... Judge... I mean, okay, I would argue the same thing, but the phrase is made in the context of whether beyond a reasonable doubt standard was satisfied, right? I mean, you have to take it in that context. Well, you have to take it in the context of if we're talking about reasonable speculation of all the added-on evidence, then we certainly didn't have probable cause, and Judge Tarnow was right. You would agree with me the probable cause issue was not before the panel before? The probable cause hearing, I agree, and also the affidavit. And the affidavit suggests that this was a deliberate disregard because we have a 10-year veteran who was present at Ben Masters' interview who then said something completely different from what we have. And the reason I bring it up and why it's material, Your Honors, is that the Sixth Circuit found it was conspicuously absent of evidence that tied Daniel Newman to the scene of the crime. This particular statement puts Daniel Newman 75 feet from the time of the crime, and Officer Calhoun said that's important because in a murder or bank robbery there's often people who try to case the joint, so to speak. You come there a few hours before and look it over. And also he said he found it significant, the prosecutor found it significant, and at the summary judgment stage we can infer that the judge in the district court in the criminal case would have found it significant, too. So that's material. Tell me exactly the part that was false there in his statement. He has a specific date and time that Daniel Newman was at the intersection 75 feet from the crime scene, relaying the information from Ben Masters. Ben Masters says, I don't know if it was February 27, I don't know if it was February 28, and I don't even know what time it was. Okay, this is from the statement from Masters. He's describing the statement from Masters and misrepresenting the statement from Masters. What went into the criminal trial about that? Was that put in before the jury in the criminal trial? In the trial, I don't recall offhand, Your Honor, whether that particular issue or the particular citing of Ben Masters. I know Ben Masters didn't testify at trial. He did not testify. He did not testify at the trial. He didn't testify at the preliminary hearing? No, Officer Calhoun relayed what Ben Masters told him. Well, Calhoun couldn't have testified at trial as to what Masters told him. No, that would have been interesting. So at trial, the trial judge at least thought there was probable cause or he wouldn't have sent the case on to the jury, right? Well, I think at that point, probable cause had been determined months before by the district court in the preliminary exam in the Bindover. But still, the trial judge is supposed to find out whether there's sufficient evidence to go to the jury, right? True. And so at least one court decided that, right? And I think— And the deliberate falsehood was not in front of him at that point. Falsehood was not in front of him at that time, but I think Judge Tarnow is right. But why—I mean, I had the same question to Judge Siler. It was just intuition that when you have this independent decision maker looking at the same issue, now they don't have the falsehood in front of them. Why isn't it just a fortiori? It couldn't have been material. Does that make sense? I mean, that's—or forget that Latin phrase. Why doesn't it just always show that, of course, there was probable cause without this, and therefore it makes the deliberate falsehood not material? I think we have to look at going back to the initiation of the prosecution and the elements in a federal malicious prosecution claim, the elements under Sykes. And we have to start looking at not at trial, but was there probable cause when he swore out the complaint? Because the ship doesn't leave the dock until you get that complaint. Do you have a case where there's been a successful malicious prosecution claim or at least one that gets beyond summary judgment where the case ultimately goes to trial, the judge independently says there's probable cause to proceed or sufficient to go to the trial, there's a conviction, the conviction is upheld in the state courts, and you still have a successful malicious prosecution claim based on falsehoods at the warrant stage or, for that matter, the preliminary hearing stage? I mean, I haven't found that case. I haven't found where you have a wrongful— But I can tell you that malicious prosecution claims can turn on the same evidence as Brady claims. But in terms of—all I have is Sykes v. Anderson. They spent three months in jail. I haven't found that wrongful conviction based on—or a Fourth Amendment. Because there has to be a favorable outcome. Because you ultimately have to have a favorable outcome as one of the elements under Sykes. But, Your Honors, it goes back to was there probable cause— That can come from habeas, as this case shows. Yes. But I can tell you that the evidence in terms of materiality and probable cause, because you have to look at would the judge have issued the warrant had the misrepresentations not been made. I think it's a critical piece of evidence that you're now finally putting Daniel Newman near the scene of the crime. Sykes is just making the heck rule that you can't bring malicious prosecution claims under 1983 when you're still in jail, right? We all agree about that. As one part of it. No, no, no. But we all agree that that's a rule. Heck bars you while you're still in jail bringing a 1983 claim about malicious prosecution, for example, right? You can't. So doesn't that kind of prove that when we look at materiality of falsities at, say, the warrant stage, you are allowed to look at all the evidence that went in to the trial? Otherwise, heck, it's wrong. In fact, it's probably unconstitutional. Does that make sense? I mean, because heck is saying, reflected in Sykes, we won't even let you bring these claims unless you vacate the conviction either in state court or federal court. Correct. So that proves to me, unless I'm missing something, that the evidence that actually goes in to the trial is a fair thing to compare or look at when you're talking about the materiality of the deliberate falsehood. No? You don't think so? I don't think so, Your Honor. I know you have to have, obviously, a successful outcome under Sykes to bring this Fourth Amendment claim. That's heck. That's a heck point. I'm just saying one of the elements of the Fourth Amendment, malicious prosecution, correct. Under heck, you wouldn't be able to bring that claim. So you have to have that. But it looks at probable cause, and it looks at the initiation of the complaint. And because if we look at Sykes, we don't get to a trial. If we look at Sykes, we're looking at the testimony in front of the judge to issue the warrant and the preliminary exam. So we have that here because we have consistent testimony from Calhoun's own admission. Well, help us then with what is your— tell me why you believe the master's statement that came in at the preliminary hearing. Without it, there is no probable cause in light of all the other evidence that came in because we have the fruit of the search warrant. We have the things we talked about earlier. We have the hair samples, and I know— I understand your argument about them, but you have some sort of congruence with hair samples. You've got the ammo, the ammunition that was found, as well as the bullets that were found in the body, the duct tape, the hacksaw, the shavings, the twine, the drywall. Probable cause is a consideration of all of the elements. Why would that not be sufficient even if we did not have master's information? Well, I think if we look at that, and I think in what we have from Judge Tarnow's decision in the criminal case is his statement, and I think it's correct, regardless of what the judge found, Judge Tarnow has said there wasn't probable cause to charge. Let me ask you— My problem is the distinction between proof beyond a reasonable doubt standard, which is decidedly not probable cause. So I think probable cause is, compared to that, a much, much easier standard to meet. So help me understand why all the things that I've just listed that came in at the preliminary hearing and resulted in the bind-over is not sufficient to establish probable cause. Because I think, ultimately, even that testimony, which was consistent with what we learned in the criminal case, was you had nothing but reasonable speculation. You had testimony like, similar hairs. Can't say that's that hair. And all we did have was the gun that was used in the murder at some point in time was traced back to Daniel Newman. But things like the twine, as you'll recall the record was, twine was general twine. I can't say it was the twine that was in the gym bag, or the gym bag twine matched the garage twine that we found in the search warrant. Same thing for the hairs. We didn't have any type of—all we had was similar testimony. This was similar to a dog. I can't even tell you what species of dog. So that's the testimony that we had. It was reasonable speculation. And what this does, as the Sixth Circuit found, when it says what was conspicuously absent in this whole case was anything putting Daniel Newman near the scene of the crime, this Ben Masters statement is so important, which Calhoun stated it was and said the prosecutors admitted it or stated it was, is that it puts Daniel Newman 75 feet from the scene of the crime at a point somewhere near the scene of the crime. It was so important. Why wasn't it introduced at trial, or why didn't they put testimony on about this at trial? I can't answer why that was, Your Honor. I can just tell you that it is so significant because it puts Dan Newman with another supported suspect, Gary Culpa, right near the scene of the crime around the time of the crime and for— Seven or eight hours because it was a 1 a.m. crime, right? About a midnight crime, right? Afternoon sighting. But as Calhoun stated, it's significant, and he stated that on page 434 of 22-9. It's significant because, like I said, in robberies and murders, Calhoun says people often drive around and case the joint. And he said the prosecutor found it was significant, and we can infer in the summary judgment stage that the trial court would have found it was significant. Thank you, Your Honor. I appreciate your time. I understand your argument. Thanks so much. Ms. DiLorenzo, do you have any rebuttal? Just to reiterate, even if the district court here thinks that there was no probable cause, we still have to look at whether Sergeant Calhoun made a deliberate falsehood or recklessly disregarded the truth, and whether that was material to a finding of probable cause. The Sykes case, I think we agree, we don't just stop at March 18th. It's all of the evidence. And that case was kind of... It was all of the evidence related to the institution, which your opposing counsel concedes goes through the bind-over at the preliminary hearing. Correct. But what's your take on whether it includes the evidence at trial? Do you have a case on that? I think Sykes speaks to that because that case, there was actually a videotape, and that's how they could actually tell that the information from the officers was false, because they could look at the videotape, and the officer made a false representation of the videotape, and they said the prosecutor relied on that, and I believe that included the trial, that the prosecutor relied on the false representations even during the trial. It might not have just been the preliminary exam, but I think it was the trial too. So, yes, trial would be important. I guess that's, again, the distinction between false arrest and then the malicious prosecution. So I think that's all I have, unless you have any more questions. Okay. I don't think we have any other questions, so thanks, Ms. DiLorenzo. Thank you, Mr. Mueller, for your helpful briefs and arguments. We appreciate it. The case will be submitted, and the clerk may recess.